**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY SAMMONS and CHERYL BEAUDRY, individually and on behalf of all others similarly situated, | ) ) ) ) ) | NO. 3-07-0656 JUDGE ECHOLS MAGISTRATE JUDGE BRYANT |
| Plaintiffs | ) ) | CLASS ACTION COMPLAINT |
| v. | ) ) | JURY DEMAND |
| eFUNDS CORPORATION, d/b/a DEPOSIT PAYMENT PROTECTION SERVICES, INC. and DEPOSIT PAYMENT PROTECTION SERVICES, INC., | ) ) ) ) ) ) | |
| Defendants | ) | |

## INITIAL CASE MANAGEMENT ORDER

The parties submit this Proposed Case Management Order pursuant to LR 16.01.

1. **Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.

2. **Plaintiffs' Theory of the Case**

Plaintiffs bring this action, individually and on behalf of all others similarly situated, for past, present and continuing violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Defendants have and continue to violate the FCRA by refusing or failing to provide consumers with disclosures that comply with 15 U.S.C. § 1681g. In particular, after a consumer has requested a disclosure pursuant to 15 U.S.C. § 1681g, Defendants do not provide: 1) all information in the consumer's file at the time of the request as required by 15 U.S.C. § 1681g(a)(1); 2) the sources of the information in the consumer's file as required by 15 U.S.C. §

1681g(a)(2); and/or 3) the names of the persons (or trade names of the persons, if applicable) who procured consumer reports from Defendants regarding the consumer during the 1-year period preceding the consumer's request for a disclosure as required by 15 U.S.C. § 1681g(a)(3). Defendants willfully violated and continue to violate the FCRA. Plaintiffs seek declaratory relief, injunctive relief, and other incidental monetary and non-monetary remedies, including but not limited to statutory damages, punitive damages, prejudgment interest, attorneys' fees, costs and expenses. Alternatively, Defendants negligently violated and continue to violate the FCRA. Plaintiffs seek declaratory relief, injunctive relief, and other incidental non-monetary remedies, including but not limited to attorneys' fees, costs and expenses.

3.    **Defendants' Theory of the Case**

Plaintiffs have filed suit against eFunds Corporation ("eFunds") and Deposit Payment Protection Services, Inc. ("DPPS") under FCRA, alleging that these entities are each "consumer reporting agencies" providing "consumer reports" that fail to provide all disclosures required under section 1681g of FCRA.

    A.    **eFunds Corporation**

DPPS is a wholly-owned, independent and separately-incorporated subsidiary of eFunds Corporation. DPPS, not eFunds, is the entity that provides the check verification service for retailers that is at issue in this lawsuit. As such, eFunds is inappropriately included in this action, and should be summarily dismissed.

    B.    **Class Certification**

Plaintiffs are each individuals who allegedly contacted DPPS seeking "consumer reports" as defined in FCRA. [15 U.S.C. § 1681a(d)]. Each named plaintiff received a written report from

DPPS' Shared Check Authorization Network ("SCAN") database that identified no adverse check writing history for either of the plaintiffs.

Defendants presently anticipate contesting certification of this suit as a class action on several grounds which may include, but not be limited to:

    1. Because the type of information provided to an inquiring consumer varies considerably depending upon the nature of the inquiry and the particular information requested, there may not be questions of law or fact common to Plaintiffs' purported class (Fed. R. Civ. Pro. 23(a)(2));

    2. The named plaintiffs' claims are not typical of the claims of the class they purport to represent (Fed. R. Civ. Pro. 23(a)(3));

    3. The representative parties are not positioned to fairly and adequately protect the interests of the class they purport to represent (Fed. R. Civ. Pro. 23(a)(4));

    4. Plaintiffs' claim does not satisfy the requirements of (Fed. R. Civ. Pro. 23(b)(1), (2), or (3)); and

    5. Plaintiffs' seek declaratory relief contrary to the position of the Federal Trade Commission, charged by Congress with responsibility for enforcing the provisions of FCRA.[1]

**C.   Merits of Plaintiffs' Claim**

DPPS' check verification service is based upon the SCAN database. Contrary to Plaintiffs' allegations, under the facts of this case neither DPPS (nor eFunds) issues "consumer reports" as defined in FCRA, and therefore the reporting provisions of FCRA do not apply to Plaintiffs.

Even if DPPS was a consumer reporting agency issuing consumer reports as to Plaintiffs, it would not have been required under FCRA (15 U.S.C. §1681g) to provide any more information to Plaintiffs than it in fact provided.

---

[1] Defendants reserve the right to raise all other defenses to maintenance of this suit as a class action including, but not limited to, any defense under Fed. R. Civ. Pro. 23(g).

3

In addition, even if DPPS was a consumer reporting agency issuing consumer reports as to Plaintiffs, because it has complied with its own reasonable procedures designed to assure the accuracy of the information in the reports it prepares, DPPS is not liable under FCRA.

Moreover, even if DPPS was a consumer reporting agency issuing consumer reports as to Plaintiffs, because DPPS reasonably believed it was acting in compliance with FCRA's regulatory provisions, it did not "willfully" violate that Act as Plaintiffs contend.

The right to seek injunctive relief is granted to the Federal Trade Commission, and is not available to private litigants such as the Plaintiffs. Importantly, though DPPS has been in the check verification business for several years, at no time has the FTC sought to require it to provide any more information to inquiring consumers than it has been providing (and continues to provide).

### 4. Status of Service of Process and Status of Responsive Pleadings

Defendants are served. Defendants' response to the Complaint shall be filed on or before September 14, 2007.

### 5. Identification of Issues Resolved and Issues in Dispute

All issues as to certification of the lawsuit as a class action, liability and available relief are disputed and unresolved. The parties will submit a detailed list of these disputed issues as an amendment to this Order on or before September 28, 2007.

6. **Need for Counterclaims, Cross-Claims, Third-Party Claims, Joinder of Parties and/or Claims and Other Related Matters**

At this time, the parties do not anticipate filing any counterclaims, cross-claims or third-party claims. However, the parties may pursue any of the above, in accordance with the Federal Rules of Civil Procedure. Any motion to amend the pleading or to join parties shall be filed by February 15, 2008.

7. **Initial Disclosures and Discovery**

   A. **Initial Disclosures**

Initial disclosures under Rule 26(a)(I) shall be made by **October 10, 2007**.

   B. **Fact Discovery Deadline**

The deadline for completion of fact discovery shall be **April 1, 2008**. Motions related to fact discovery shall be filed by **April 14, 2008**.

8. **Class Certification Motion and Briefing Schedule**

Plaintiffs' motion for class certification shall be filed by **January 25, 2008**. The defendants' response in opposition shall be filed by **February 22, 2008**.

9. **Experts**

Plaintiffs shall disclose experts and serve Rule 26(a)(2) expert reports by **May 1, 2008**. The defendants shall disclose their experts and serve Rule 26(a)(2) expert reports by **June 2, 2008**. Depositions of experts shall be completed by **July 15, 2008**.

10. **Dispositive Motions**

Dispositive motions shall be filed by **August 1, 2008**. Response shall be filed by **August 29, 2008** and a reply shall be filed by **September 12, 2008**. If motions are filed early, the deadlines for response and reply will be advanced accordingly.

5

11. **Alternative Dispute Resolution**

The parties agree that mediation or other alternative dispute resolution process may be pursued at a future date pending developments in discovery or other matters in the case.

12. **Necessity of Protective Order**

The parties agree that a confidentiality order may be necessary, and they believe that they can successfully negotiate the terms thereof.

13. **Status Conference**

A telephonic status conference will be held on **March 3, 2008, at 1:30 p.m.** Counsel for the Plaintiffs will initiate the telephonic conference.

14. **Trial Date**

This case will be ready for trial after **December 16, 2008**. The parties expect the trial to last approximately five (5) days.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

6