IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLADYS SEARCY, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| eFUNDS CORPORATION, d/b/a DEPOSIT PAYMENT PROTECTION SERVICES, INC., and DEPOSIT PAYMENT PROTECTION SERVICES, INC. | ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 08-C-985

JUDGE KOCORAS

MAGISTRATE JUDGE COX

**JOINT REPORT OF PARTIES' PRELIMINARY CONFERENCE**

Pursuant to the Court's Case Management Procedures, counsel for the parties held a telephone conference on May 30, 2008, in anticipation of the Initial Case Management Conference and Notice of Motion scheduled for June 3, 2008. The parties discussed the framework for conducting discovery in the lawsuit.

Discovery relevant to this case has already taken place in a prior lawsuit, Sammons v. eFunds Corp., No. 07-656 (filed June 18, 2007, M.D. Tenn.), in which counsel for Ms. Searcy brought the same claims against the same defendants on behalf of two Tennessee residents. Before the plaintiffs took a voluntary non-suit on Feb. 1, 2008, the parties exchanged initial disclosures, the plaintiffs received responses to interrogatories and approximately 15,000 pages of documents, and the plaintiffs deposed two eFunds employees. The parties have agreed that discovery taken in the Sammons lawsuit need not be duplicated in this lawsuit, while reserving the right to

object to the use of individual items on a case-by-case basis to the extent the need to make such objections arises.

The parties also agree that discovery can be conducted in an abbreviated timeframe in light of the discovery that has already taken place in <u>Sammons</u>. The parties anticipate an approximate six-month period in which to complete fact and expert discovery, and have agreed that an early briefing schedule should be entered on the issue of class certification. The parties suggest that the plaintiff's motion for class certification be submitted within four months of the beginning of discovery.

The parties disagree about the need to stay discovery pending the Court's decision on the defendants' motion for summary judgment based on the statute of limitations. The defendants believe that a stay of discovery is necessary so that they are not subjected to potentially unnecessary and burdensome discovery. Plaintiff's counsel has already received initial disclosures, obtained responses (including supplemental responses) to written discovery, and conducted full-day depositions of two of the defendants' employees. Several weeks ago, the defendants filed a dispositive motion that would preclude the plaintiff's lawsuit altogether. Under these circumstances, the defendants believe that there is little prejudice to the plaintiff in completing summary judgment briefing and allowing the court to address that threshold, dispositive issue before the parties complete discovery.

The plaintiff believes that a stay of discovery is not necessary and that the court should permit discovery to continue during the briefing and disposition of Defendants' Motion for Summary Judgment. First, Defendants' Motion for Summary Judgment is completely without merit and does not dispose of Plaintiff's individual claims asserted in the Complaint. Second, even if granted, Defendants' Motion for Summary Judgment

2

would only dispose of Ms. Searcy's individual claims based on statute of limitations and would not dispose of the class claims. If Defendants' Motion is granted and Ms. Searcy is dismissed, Plaintiff would simply seek leave to substitute another representative Plaintiff to take her place. Finally, there is no justifiable reason to stay discovery because the Motion for Summary Judgment is not dispositive of all class claims and most, if not all, of the future discovery would not address the issues raised in Defendants' Motion for Summary Judgment, but would instead address issues related to class certification and the merits of the case. Plaintiff desires an expeditious resolution of this matter and there is no reason why discovery related to the class certification and merits should not proceed.

The parties did not discuss the possibility of settlement, believing that such discussions are premature at this juncture and not likely to lead to resolution at this stage of the proceedings. In the <u>Sammons</u> lawsuit, plaintiff's counsel issued a settlement demand to the defendants and the parties agreed that, at the appropriate time, they would be willing to engage in meaningful settlement discussions.

Respectfully Submitted,

s/ David R. Esquivel
David R. Esquivel (pro hac vice)
Jeffrey P. Yarbro (pro hac vice)
BASS, BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN  37238-3001
Phone:  615-742-6200
Fax:     615-742-0405

3

David L. Hartsell
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Phone: 312-750-8898
Fax:    312-920-6766

*Attorneys for Defendants*


Edward H. Nielson (IL Bar #0252296)
Scott L. Anderson (IL Bar #6269332)
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606

*Co-Counsel for the Plaintiff*

M. Reid Estes, Jr.
Martin D. Holmes
STEWART, ESTES & DONNELL, PLC
Fifth Third Center
424 Church Street
Suite 1401
Nashville, Tennessee 37219

*Lead Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I do hereby certify I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 2nd day of June, 2008, which will send a notice of electronic filing to the following:

>Edward H. Nielson (IL Bar #0252296)
>Scott L. Anderson (IL Bar #6269332)
>Pretzel & Stouffer, Chartered
>One South Wacker Drive
>Suite 2500
>Chicago, IL  60606
>
>*Co-Counsel for the Plaintiff*
>
>M. Reid Estes, Jr.
>Martin D. Holmes
>Stewart, Estes & Donnell, PLC
>Fifth Third Center
>424 Church Street
>Suite 1401
>Nashville, Tennessee 37219
>
>*Lead Attorneys for Plaintiff*

>    s/ David R. Esquivel
>    David R. Esquivel

5