ATTACHMENT 3

16 C.F.R. § 610.3

Westlaw.

Page 1

16 C.F.R. § 610.3

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
 Title 16. Commercial Practices
  Chapter I. Federal Trade Commission
   Subchapter F. Fair Credit Reporting Act (Refs & Annos)
    Part 610. Free Annual File Disclosures (Refs & Annos)

→ § 610.3 Streamlined process for requesting annual file disclosures from nationwide specialty consumer reporting agencies.

(a) Streamlined process requirements. Any nationwide specialty consumer reporting agency shall have a streamlined process for accepting and processing consumer requests for annual file disclosures. The streamlined process required by this part shall:

(1) Enable consumers to request annual file disclosures by a toll-free telephone number that:

(i) Provides clear and prominent instructions for requesting disclosures by any additional available request methods, that do not interfere with, detract from, contradict, or otherwise undermine the ability of consumers to obtain annual file disclosures through the streamlined process required by this part;

(ii) Is published, in conjunction with all other published numbers for the nationwide specialty consumer reporting agency, in any telephone directory in which any telephone number for the nationwide specialty consumer reporting agency is published; and

(iii) Is clearly and prominently posted on any website owned or maintained by the nationwide specialty consumer reporting agency that is related to consumer reporting, along with instructions for requesting disclosures by any additional available request methods; and

(2) Be designed, funded, implemented, maintained, and operated in a manner that:

(i) Has adequate capacity to accept requests from the reasonably anticipated volume of consumers contacting the nationwide specialty consumer reporting agency through the streamlined process, as determined in compliance with paragraph (b) of this section;

(ii) Collects only as much personal information as is reasonably necessary to properly identify the consumer as required under the Fair Credit Reporting Act, section 610(a)(1), 15 U.S.C. 1681h(a)(1), and other applicable laws and regulations; and

(iii) Provides clear and easily understandable information and instructions to consumers, including but not necessarily limited to:

(A) Providing information on the status of the consumer's request while the consumer is in the process of making a request;

(B) For a website request method, providing access to a "help" or "frequently asked questions" screen, which includes more specific information that consumers might reasonably need to order their file disclosure, the answers to questions that consumers might reasonably ask, and instructions whereby a consumer may file a complaint with the nationwide specialty consumer reporting agency and with the Federal Trade Commission; and

(C) In the event that a consumer requesting a file disclosure cannot be properly identified in accordance with the Fair Credit Reporting Act, section 610(a)(1), 15 U.S.C. 1681h(a)(1), and other applicable laws and regulations, providing a statement that the consumer's identity cannot be verified; and directions on how to complete the request, including what additional information or documentation will be required to complete the request, and how to submit such information.

(b) Requirement to anticipate. A nationwide specialty consumer reporting agency shall implement reasonable procedures to anticipate, and respond to,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

16 C.F.R. § 610.3

the volume of consumers who will contact the nationwide specialty consumer reporting agency through the streamlined process to request, or attempt to request, file disclosures, including developing and implementing contingency plans to address circumstances that are reasonably likely to occur and that may materially and adversely impact the operation of the nationwide specialty consumer reporting agency, a request method, or the streamlined process.

(1) The contingency plans required by this section shall include reasonable measures to minimize the impact of such circumstances on the operation of the streamlined process and on consumers contacting, or attempting to contact, the nationwide specialty consumer reporting agency through the streamlined process.

(i) Such reasonable measures to minimize impact shall include, but are not necessarily limited to:

(A) To the extent reasonably practicable under the circumstances, providing information to consumers on how to use another available request method;

(B) To the extent reasonably practicable under the circumstances, communicating, to a consumer who attempts but is unable to make a request, the fact that a condition exists that has precluded the nationwide specialty consumer reporting agency from accepting all requests, and the period of time after which the agency is reasonably anticipated to be able to accept the consumer's request for an annual file disclosure; and

(C) Taking all reasonable steps to restore the streamlined process to normal operating status as quickly as reasonably practicable under the circumstances.

(ii) Measures to minimize impact may also include, as appropriate, collecting request information but declining to accept the request for processing until a reasonable later time, provided that the consumer is clearly and prominently informed, to the extent reasonably practicable under the circumstances, of when the request will be accepted for processing.

(2) A nationwide specialty consumer reporting agency shall not be deemed in violation of section 610.3(a)(2)(i) if the toll-free telephone number required by this part is unavailable to accept requests for a reasonable period of time for purposes of conducting maintenance on the request method, provided that the nationwide specialty consumer reporting agency makes other request methods available to consumers during such time.

(c) High request volume and extraordinary request volume.

(1) High request volume. Provided that the nationwide specialty consumer reporting agency has implemented reasonable procedures developed in accordance with paragraph (b) of this section, entitled "requirement to anticipate," a nationwide specialty consumer reporting agency shall not be deemed in violation of paragraph (a)(2)(i) of this section for any period of time during which a streamlined process request method or the nationwide specialty consumer reporting agency experiences high request volume, if the nationwide specialty consumer reporting agency:

(i) Collects all consumer request information and delays accepting the request for processing until a reasonable later time; and

(ii) Clearly and prominently informs the consumer of when the request will be accepted for processing.

(2) Extraordinary request volume. Provided that the nationwide specialty consumer reporting agency has implemented reasonable procedures developed in accordance with paragraph (b) of this section, entitled "requirement to anticipate," a nationwide specialty consumer reporting agency shall not be deemed in violation of paragraph (a)(2)(i) of this section for any period of time during which a streamlined process request method or the nationwide specialty consumer reporting agency experiences extraordinary request volume.

(d) Information use and disclosure. Any personally identifiable information collected from consumers as a result of a request for annual file disclosure, or other disclosure required by the Fair Credit Reporting Act, made through the streamlined process, may be used or disclosed by the nationwide specialty consumer reporting agency only:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

16 C.F.R. § 610.3

(1) To provide the annual file disclosure or other disclosure required under the FCRA requested by the consumer;

(2) To process a transaction requested by the consumer at the same time as a request for annual file disclosure or other disclosure;

(3) To comply with applicable legal requirements, including those imposed by the Fair Credit Reporting Act and this part; and

(4) To update personally identifiable information already maintained by the nationwide specialty consumer reporting agency for the purpose of providing consumer reports, provided that the nationwide specialty consumer reporting agency uses and discloses the updated personally identifiable information subject to the same restrictions that would apply, under any applicable provision of law or regulation, to the information updated or replaced.

(e) Requirement to accept or redirect requests. If a consumer requests an annual file disclosure through a method other than the streamlined process established by the nationwide specialty consumer reporting agency in compliance with this part, a nationwide specialty consumer reporting agency shall:

(1) Accept the consumer's request; or

(2) Instruct the consumer how to make the request using the streamlined process required by this part.

(f) Effective date. This section shall become effective on December 1, 2004.

(g) High request volume and extraordinary request volume during initial transition.

(1) During the period of December 1, 2004 through February 28, 2005, high request volume shall mean the following:

(i) For an individual request method: High request volume occurs when the number of consumers contacting or attempting to contact the nationwide specialty consumer reporting agency through a streamlined process request method in any 24-hour period is more than 115% of the daily total number of consumers who were reasonably anticipated to contact that request method, in compliance with paragraph (b) of this section.

(ii) For a nationwide specialty consumer reporting agency: High request volume occurs when the number of consumers contacting or attempting to contact the nationwide specialty consumer reporting agency to request file disclosures in any 24-hour period is more than 115% of the number of consumers who were reasonably anticipated to contact the nationwide specialty consumer reporting agency to request their file disclosures, in compliance with paragraph (b) of this section.

(2) Extraordinary request volume. During the period of December 1, 2004 through February 28, 2005, extraordinary request volume shall mean the following:

(i) For an individual request method: Extraordinary request volume occurs when the number of consumers contacting or attempting to contact the nationwide specialty consumer reporting agency through a streamlined process request method in any 24-hour period is more than 175% of the daily total number of consumers who were reasonably predicted to contact that request method, in compliance with paragraph (b) of this section.

(ii) For a nationwide specialty consumer reporting agency: Extraordinary request volume occurs when the number of consumers contacting or attempting to contact the nationwide specialty consumer reporting agency to request file disclosures in any 24-hour period is more than 175% of the number of consumers who were reasonably anticipated to contact the nationwide specialty consumer reporting agency to request their file disclosures, in compliance with paragraph (b) of this section.

SOURCE: 69 FR 35496, June 24, 2004, unless otherwise noted.

AUTHORITY: Pub.L. 108-159, sections 211 (a) and (d).

16 C. F. R. § 610.3, 16 CFR § 610.3

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

16 C.F.R. § 610.3

Current through July 7, 2006; 71 FR 38538

Copr. © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.