IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLADYS SEARCY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> eFUNDS CORPORATION, d/b/a DEPOSIT PAYMENT PROTECTION SERVICES, INC., and DEPOSIT PAYMENT PROTECTION SERVICES, INC. <br><br> Defendants. | No. 08-C-985 <br><br> JUDGE KOCORAS <br><br> MAGISTRATE JUDGE COX |

## SUPPLEMENTAL DECLARATION OF TONYA WEBER

I, TONYA WEBER, do hereby state and affirm as follows:

1. I am over eighteen years of age and provide this Declaration from my personal knowledge. I provide this Declaration in support of Defendants' Motion for Summary Judgment.

2. I am a citizen and resident of Washington County, Minnesota.

3. Since January 2000 and April 1, 2008, I was the Consumer Relations Specialist for eFunds Corporation. I am now the Senior Audit Compliance Specialist for eFunds Corporation.

4. Upon the filing of the Complaint in this action by Plaintiff Gladys Searcy, I conducted research in the company's business records relating to the communications between Plaintiff and Defendants.

5. Attached to my previous Declaration (Docket No. 18-2; May 2, 2008) as Exhibit 1, was a true and accurate copy of the SCAN Consumer Report Order Form, dated January 18, 2005, that was submitted by Gladys Searcy. The SCAN Consumer Report Order Form includes a section asking the consumer to indicate whether he or she has had a check declined, and, if so, to identify the name and address of the merchant that declined the check. In her January 2005 submission, Ms. Searcy did not indicate that she had a check declined and did not identify any merchant on her SCAN Consumer Report Order Form.

6. Attached to this Declaration as Exhibit 1 is a true and accurate copy of the SCAN Consumer Report Order Form, dated September 15, 2005, that was submitted by Gladys Searcy. The form that Ms. Searcy submitted in September of 2005 also failed to indicate that she had a check declined or to identify a merchant where a decline took place.

7. In October of 2006, Gladys Searcy contacted SCAN by telephone. A SCAN Report was mailed to Ms. Searcy in response to that call. Our records indicate that Ms. Searcy did not identify that she had a check declined and did not identify any merchant that had declined a check.

8. SCAN does not make the decision to accept or decline a particular check as payment. Many merchants use one or more check verification systems in addition to SCAN, including internal store records, to make the decision to accept or decline a check as payment. In situations where the consumer does not identify the merchant where a particular check was declined, there is no way for SCAN to determine the basis for the decline.

2

9. Had Ms. Searcy indicated that she had a check declined and identified the merchant that declined the check, the situation would have been escalated for research to determine whether SCAN had any records indicating a potential reason for a merchant decline and/or any record of an online transaction that was declined. When SCAN records do not contain any such indication, as is the case with Ms. Searcy's records, SCAN routinely contacts the declining merchant(s) to determine whether there was some other basis for the decline or whether there was an invalid referral to SCAN.

10. Because Ms. Searcy did not indicate a check denial in any of her communications, it was impossible to conduct any research on these check declines or even know that such research was needed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed on this 30th day of June 2008, in Woodbury, Minnesota.

*Tonya Weber*
Tonya Weber

6891394.1