## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 985 | **DATE** | August 6, 2008 |
| **CASE TITLE** | Searcy vs. eFunds | | |

**DOCKET ENTRY TEXT**

Defendants' motion [17] for summary judgment is denied. Status hearing set for 8/21/2008 to stand.

■[ For further details see text below.]                                                               Docketing to mail notices.

### ORDER

This matter comes to us on Defendants' eFunds Corporation ("eFunds") and Deposit Payment Protection Services, Inc. ("DPPS") motion for summary judgment of Plaintiff Gladys Searcy's complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, Defendants' motion is denied.

On three separate occasions, in January 2005, September 2005, and October 2006, Searcy attempted to pay a merchant with a check but was declined. After each declination, the merchant provided Searcy with a document informing her how to obtain a Shared Check Authorization Network Consumer File Disclosure Report ("SCAN Report") from Defendants. Searcy contacted and later received a SCAN Report from Defendants in January 2005, September 2005, and October 2006.

Searcy alleges that each SCAN Report lacked certain information that Defendants were required to provide pursuant to the following sections of the Federal Consumer Reporting Act (the "FCRA"): 15 U.S.C. § 1681g (a)(1) (all information in Searcy's file at the time of her request), (a)(2) (the sources of the information), and (a)(3) (identification of each merchant who procured her SCAN Reports within the past year). Searcy maintains that Defendants' actions were willful and seeks statutory and punitive damages pursuant to § 1681n with regard to the September 2005 and October 2006 SCAN Reports. Searcy makes no claim with regard to the January 2005 SCAN Report she received from Defendants, nor does she seek any actual damages.

Defendants' motion for summary judgment is premised on their contention that Searcy's current claims are barred by the FCRA's two-year statute of limitations because two years have passed since January 2005, when Searcy first received a SCAN Report that allegedly violated 1681g.

**ORDER**

Section 1681p provides the FCRA's statute of limitations clause:

An action to enforce any liability created under this subchapter may be brought...not later than the earlier of:

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

Defendants argue that because the January 2005 SCAN Report provided Searcy with all the necessary information she needed to pursue her current claims against Defendants, she may not now sue them for the same type of alleged violations that stem from the September 2005 and October 2006 SCAN Reports. Searcy argues that each SCAN Report constituted a separate and distinct violation and that a new limitations period was triggered in both September 2005 and October 2006.

In applying a statute, courts take at face value the text of the statute and assume that the legislative purpose behind the statute is accurately reflected in its plain meaning. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). For purposes of this motion, the parties agree that Searcy discovered Defendants' alleged violations of § 1681g on the respective dates that she received the three SCAN Reports: January 2005, September 2005, and October 2006. Defendants do not dispute that each of the three SCAN Reports they sent to Searcy allegedly violated § 1681g. Thus, in applying § 1681p to the dates upon which Searcy discovered Defendants' violations of § 1681g, it becomes clear that the applicable statute of limitations for these violations ended in January 2007, September 2007, and October 2008. Searcy filed this suit in February 2008. Therefore, Defendants' motion is denied because Searcy's current suit against them is not time-barred by the FCRA's statute of limitations simply because two years have passed since January 2005.

Though it appears that Searcy's claims concerning the September 2005 SCAN Report would be barred by the FCRA's statute of limitations, we will hold off on any judgment concerning this SCAN Report because Searcy has requested that the parties be given an opportunity to fully brief the issues concerning the September 2005 SCAN Report.

Dated:   **August 6, 2008**

_____
**CHARLES P. KOCORAS**
**U.S. District Court Judge**