UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLADYS SEARCY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 08 C 985 |
| eFUNDS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendants' Motion to Reconsider Our Order Granting Class Certification, Defendants' Motion to Clarify, Plaintiff's Motion to Amend, and Plaintiff's Motion to Strike the Declaration of Scott Sandlin. For the reasons stated below, Defendants' Motion to Reconsider is granted, Defendants' Motion to Clarify is granted, Plaintiff's Motion to Amend is granted, and Plaintiff's Motion to Strike is denied as moot.

# **BACKGROUND**[1]

This case involves alleged violations of the Fair Credit Reporting Act ("FCRA") by Defendants, one of whom, Deposit Payment Protection Services, Inc. ("DPPS"),

---

[1] We briefly restate the facts that are set out in greater detail in our previous opinion. *Searcy v. eFunds Corp.*, No. 08-985, 2010 U.S. Dist. LEXIS 4334 (N.D. Ill. Jan. 20, 2010).

operates a service called the Shared Check Authorization Network ("SCAN"). On September 14, 2009, Plaintiff Gladys Searcy ("Searcy") filed a motion for class certification. In opposing Searcy's motion for certification, Defendants argued that Searcy suffered from credibility problems that rendered her an inadequate class representative. Defendants contended that some of Searcy's sworn statements provided in support of the certification motion were implausible and contradicted her prior deposition testimony. In particular, Defendants questioned the plausibility of Searcy's statements that she opened a checking account at Washington Mutual Bank on September 12, received a book of checks on that date, authored a check at a SCAN retailer (who declined the check) that evening or the next morning, and then requested a Disclosure Report from SCAN.

On January 20, 2010, we granted in part and denied in part Searcy's motion for class certification, certifying two classes and rejecting other proposed classes. We denied certification of the SCAN OnLine Class[2] on adequacy grounds because Searcy had no SCAN OnLine claim and did not suffer the same legal injury as the members of the putative class she sought to represent. In certifying the two classes, we did not credit Defendants' argument that Searcy suffered from credibility problems that made her an

---

[2] The putative SCAN OnLine class consisted of persons who requested a Disclosure Report from DPPS that allegedly violated the FCRA by failing to include records of their transactions with retailers who subscribed to DPPS' SCAN OnLine service.

inadequate class representative. We observed, however, that we would reconsider the effect of Searcy's credibility on the adequacy question if a stronger showing of credibility issues could be made.

On January 29, 2010, Searcy filed a motion to amend her complaint. Searcy seeks to join an additional plaintiff, Elizabeth Krech. In October 2005, Krech presented a check to a SCAN retailer who declined Krech based on information contained in the SCAN electronic bad check list. Krech subsequently requested a report from DPPS which she alleges violated the FCRA because it did not include the names of retailers who used SCAN and another services, SCAN OnLine, in processing a check of Krech's during the year preceding the request. Based on these facts, Searcy asserts that Krech can adequately represent the SCAN OnLine class. Searcy also seeks to substitute Krech for Searcy as the named plaintiff of the Check Presenter class action. Five days later, on February 3, 2010, Defendants filed a motion to reconsider our class certification ruling proffering new evidence they argue demonstrates that Searcy suffers from credibility problems that render her an inadequate representative for either of the certified classes.

I.   **Motion to Clarify**

Defendants first ask that we revise our prior opinion deciding Plaintiff's Motion for Certification to reflect that we have not made a factual finding that Defendant

eFunds Corporation ("eFunds") is a consumer reporting agency subject to the Fair Credit Reporting Act ("FCRA"). In our view, such a revision is unnecessary, but we grant Defendants' motion and make explicit what was implicit in our previous ruling, namely, that we have not made any findings regarding the status of eFunds under the FCRA.

## II    Motion to Amend

Searcy has filed a Motion to Amend to add Elizabeth Krech ("Krech") as a named plaintiff to represent the putative SCAN OnLine class and to substitute Krech for Searcy as the named plaintiff of the Check Presenter class.[3]

*A.    Legal Standard*

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely granted when justice so requires. Whether to grant a motion to amend is within the sound discretion of the district court. *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987). Leave to amend may be denied for undue delay, bad faith

---

[3] Because Searcy's proposed amendment seeks to join a new plaintiff to this action, the principles of permissive joinder under Fed. R. Civ. P. 20 are implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631 n.4 (7th Cir. 2001). Defendants do not contest the appropriateness of joinder in this case. Krech's claim involve the same Defendants as well as common questions of law with the Bad Check List and Check Presenter claims. *See* 7 Alan Wright, et al., Federal Practice and Procedure § 1653 (3d ed. 2001) (Courts are inclined to find joinder appropriate "when the likelihood of overlapping proof and duplication of testimony indicates that separate trials would result in delay, inconvenience or added expense"). We therefore find that Krech's claim appropriate for joinder in this case and limit our discussion to amendment principles.

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of amendment, or futility of amendment. *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993).

*B.    Discussion*

Before we examine the propriety of the amendment joining Krech to the action to represent a putative SCAN OnLine class we must determine whether Searcy may substitute Krech as representative of the Check Presenter class. Once a class has been certified, substitution of unnamed class members for named plaintiffs who fall out of the case for various reasons is a routine part of class action litigation. *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998). Searcy does not contest Defendants' assertions that the presence of credibility issues (discussed in further detail below) render her an inappropriate representative. We therefore grant her motion to amend and substitute Elizabeth Krech for Gladys Searcy as the named plaintiff in the Check Presenter class.

Searcy also seeks to join Krech as the representative of a putative SCAN OnLine class; Defendants oppose the amendment arguing that the amendment was proposed after undue delay, would prejudice Defendants, and would be futile. *See Meyer*, 10 F.3d at 1298. Delay and prejudice are inextricably related issues in the amendment context;

while delay alone will often be insufficient to deny amendment, a delay coupled with a showing of prejudice to the opposing party may bar an amendment. *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002).

Defendants contend that the proposed amendment is premised on information Searcy has known since April 2009 when Defendants notified her that she did not have a SCAN OnLine claim. Defendants argue that Searcy should have amended her complaint at that time to add Krech as a named plaintiff and that bringing the proposed amendment nine months later constitutes an undue delay that unfairly prejudices Defendants.

Though some delay has occurred, Defendants have not demonstrated that it was unjustified. The necessity of the proposed amendment had not yet crystallized nine months ago. At the time Defendants relayed the information regarding Searcy's lack of a SCAN OnLine claim, Searcy was pursuing certification a single large class of all individuals who received a SCAN report during a three-year period. Searcy's membership in this putative class was indisputable; to add Krech as a named plaintiff at that time would have been unnecessary and likely would have prematurely complicated the proceeding. The issuance of our decision regarding Searcy's class certification motion provides the relevant benchmark by which to measure delay. Once Searcy received our class certification ruling rejecting her bid to represent the larger

class, she responded by filing a motion to amend nine days later. Under the circumstances of this case, we find no undue delay in Searcy's presentment of this motion to amend.

Even if Searcy inordinately delayed her request for the present amendment Defendants have also not shown they have suffered enough prejudice to justify denial of leave to amend. Defendants assert that they will now need to do further discovery and related certification briefing as a consequence of Krech's entry into the case. However, these efforts do not constitute work that could have been avoided if the amendment had been filed nine months ago, when Defendants contend a request to add Krech as a named plaintiff would have been appropriate. Consequently, the situation Defendants describe is one of delay in having to engage in these activities, not additional work that would have been unnecessary had Searcy amended according to Defendants' suggested time frame. Delay must be coupled with a sufficient degree of prejudice in order to supply adequate grounds to deny leave to amend. *See Park*, 297 F.3d at 613. The prejudice described by Defendants, though perhaps sufficient to warrant pursuit of other remedies, is not enough to support denial of amendment.

Defendants also argue that Krech's putative class actions are time-barred making the proposed amendment futile. The Supreme Court has held that the commencement of a class action tolls the statute of limitations period for all purported members of the

class until the suit has been found inappropriate for class treatment. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974); *Crown v. Parker*, 462 U.S. 345, 350 (1983). Searcy relies upon this rule to avoid limitations problems with her putative class claims on behalf of the SCAN OnLine class.[4] Defendants argue that the *American Pipe* tolling rule only applies to individual actions that are pursued after denial of class treatment, not later class actions such as Krech's proposed SCAN OnLine class.

Though the Seventh Circuit has yet to address the issue, two circuit courts have reached different conclusions regarding the application of *American Pipe* when confronted with situations similar to the facts of this case. In *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994), the Eleventh Circuit declined to toll the limitations period for a successive class action after the original class action had been decertified because the original named plaintiff was determined to be an inadequate representative and class certification litigation had dragged on for fifteen years. *Id*. at 359. In contrast, *Yang v. Odom*, the Third Circuit disagreed with the outcome in *Griffin* and held that in cases where denial of class certification resulted from problems with the original named

---

[4] Krech received her report from SCAN on October 24, 2005. The FCRA provides that the statute of limitations under these circumstances is two years from discovery of the violation. *See* 15 U.S.C. § 1681g. Krech does not dispute that without tolling of the limitations period her claim would be time-barred. To avoid such a result, she relies on a suit brought in the Middle District of Tennessee by plaintiffs Kimberly Sammons and Cheryl Beaudry that was filed on June 18, 2007, and voluntarily dismissed on February 1, 2008, *Sammons v. eFunds, Inc.*, No. 3-07-0656 (M.D. Tenn. filed June 18, 2007), as well as this action, which commenced on February 15, 2008.

plaintiff rather than deficiencies in the proposed class itself equitable tolling was appropriate. *Yang v. Odom*, 392 F.3d 97, 104 (3d Cir. 2004). The court examined the precedents underpinning the decision in *Griffin* and concluded that the cases upon which the Eleventh Circuit relied only precluded application of the *American Pipe* rule for successive class actions filed following a determination that characteristics of the class itself (and not the representative) made the class inappropriate for class treatment. *Yang*, 392 F.3d at 106. For example, in *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987), the Second Circuit declined to apply the *American Pipe* rule to a successive class action because the district court had "rendered a definitive determination as to potential manageability problems and intraclass conflicts" in the previous iteration of the class action. *Id.* at 877. In *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, the Fifth Circuit declined to toll a statute of limitations for a successive class action when the first class action suffered from structural issues that rendered class treatment inappropriate. *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334 (5th Cir. 1985).

After analyzing the precedents relied upon in *Griffin*, the Third Circuit concluded that the Eleventh Circuit had interpreted the holdings of *Korwek* and *Salazar-Calderon* too broadly in a manner that was "at odds with the policy undergirding the class action device as stated by the Supreme Court[.]" *Yang*, 392 F.3d at 106. The Third Circuit's conclusion also squares with the rationale of *American Pipe*. The Court in *American*

*Pipe* established the tolling rule to avoid a "needless duplication of motions" that would result from potential class members moving to intervene or join a class action in order to preserve their claims "in the event that a class was later found unsuitable." *American Pipe*, 414 U.S. at 553-54. A contrary decision in this case would undercut the efficiency benefits of class litigation as unnamed members could feel compelled to intervene or join the action in order to avoid having their rights extinguished by a problematic named plaintiff.

We share the view espoused by the Third Circuit and decline to adopt the approach set out in *Griffin*. We conclude that the statute of limitations for Krech's SCAN OnLine putative class claim was tolled during the pendency of the *Sammons* action as well as the instant suit filed by Searcy. Krech's amendment is timely and her request is not futile.

For all these reasons, we reject Defendants' arguments as to why amendment would not serve the interests of justice in this case. Searcy's motion for leave to amend is granted; Krech is added as an additional named plaintiff for the SCAN OnLine class as substitute named plaintiff for the Check Presenter class. Searcy is removed as named plaintiff of the Check Presenter class.

### III. Motion to Reconsider

Defendants next ask us to reconsider our decision granting class certification in light of proffered evidence that issues with Searcy's credibility make her an inadequate

class representative for the Bad Check List class. In appropriate situations, a district court has discretion to make a different determination of any interlocutory matter that has not been taken to judgment or determined on appeal. *Cameo Convalescent Ctr. v. Perry*, 800 F.2d 108, 110 (7th Cir. 1986); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). The nature of Defendants' newly proffered evidence regarding our interlocutory decision to certify the Bad Check List class presents a unique set of circumstances in which the court finds reconsideration of our prior opinion is appropriate.[5]

To be certified as a class action, a claim must satisfy four criteria: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). Adequacy requires that a class representative "fairly and adequately protect the interests of the class." *Id*. The honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry "because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims." *Roe v. Bridgestone Corp.*, 257 F.R.D. 159, 168 (S.D. Ind. 2009)

Defendants focus on one portion of a declaration Searcy submitted in support of her motion for class certification in challenging her credibility, and by extension, her

---

[5] We decline to exercise our discretion to reconsider the portion of our class certification order regarding the predominance of common issues of fact or law in the Check Presenter class. Because the declaration of Scott Sandlin pertained only to that issue, Searcy's Motion to Strike it is denied as moot.

ability to serve as an adequate class representative. In her sworn statement, Searcy asserted that she opened a checking account with Washington Mutual Bank on September 12, 2005, and was provided with a book of checks from the bank the same day. She further asserted that she presented one of those checks at a SCAN member retailer on the evening of September 12 or the next morning. Based on these statements, the Court made a factual finding that Searcy presented a check to a SCAN retailer on or around September 12 and determined Searcy to be an adequate representative for the Check Presenter and Bad Check List classes.

Defendants have submitted a declaration from Steven Dickinson ("Dickinson"), a representative of Washington Mutual Bank with personal knowledge of Washington Mutual's account opening procedures during September 2005. In his declaration, Dickinson asserted that the "Opened by Telephone and Online Banking" notation on Searcy's account agreement indicates that the consumer opened the account by telephone call or through the bank's website. Dickinson further asserted that a notation on Searcy's agreement signifies that the account was opened via the internet. Dickinson stated that Washington Mutual did not open an account immediately upon the submission of the consumer's information over the phone or internet; the account would be opened for use only upon the return of a signed account agreement and signature card. Finally, and most importantly, Dickinson stated that Washington Mutual did not

issue temporary checks for accounts that were opened online. Searcy has not presented any additional evidence to corroborate her challenged statements.

Dickinson's description of Washington Mutual procedures and Searcy's subsequent failure to provide any evidence in support of her declaration cast significant doubt on the veracity of her sworn statement; Searcy cannot serve as an adequate class representative while suffering from such credibility concerns. The fact that her sworn declaration formed the basis for finding she could serve as the representative of the Check Presenter class bolsters our conclusion. *See Kaplan v. Pomerantz*, 132 F.R.D. 504, 510 (N.D. Ill. 1990) (finding class representative inadequate when he "evince[d] a willingness to give . . . misleading testimony in an effort to further his interests in this litigation").

Although Searcy did not offer the problematic declaration in support of her adequacy to represent the Bad Check List class, Searcy's credibility issues likewise affect her ability to adequately represent the interests of that class. Should the action proceed to trial, Defendants could present evidence of Searcy's misleading statement in related proceedings before the factfinder, thus exposing class members to negative consequences from Searcy's individual conduct. *See also Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983) ("[s]ince plaintiffs' testimony on an issue critical to one of their two causes of action was subject to sharp [credibility] attack . . . their credibility in general

was sufficiently in doubt to justify denying them a fiduciary role as class representatives with respect to both claims"). We therefore hold that Searcy is an inadequate class representative for the Bad Check List class. Because this class now fails to satisfy the four Fed. R. Civ. P. 23(a) criteria, it is decertified.

## CONCLUSION

Searcy's motion to amend [190] is granted. Elizabeth Krech is hereby substituted for Gladys Searcy as named plaintiff for Check Presenter class and is also joined to this action as named plaintiff of the putative SCAN OnLine class. Defendants' motion to reconsider [196] is denied as moot with respect to the Check Presenter class and granted with respect to the Bad Check List class. The Bad Check List class is hereby decertified. Defendants' motion to clarify [196] is also granted. Searcy's motion to strike the declaration of Scott Sandlin [206] is denied as moot.

_____
Charles P. Kocoras
United States District Judge

Dated:      March 31, 2010