# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 985 | **DATE** | December 14, 2010 |
| **CASE TITLE** | Searcy vs. eFunds Corp. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [306]) to alter or amend the Court's 9/30/2010 opinion is denied. We affirm our ruling awarding defendants' sanctions against Searcy's lead counsel under 28 U.S.C. § 1927.

■[ For further details see text below.]    Docketing to mail notices.

## ORDER

This case comes before the court on the motion of Plaintiff Gladys Searcy ("Searcy") to alter or amend the court's September 30, 2010 opinion pursuant to Fed. R. Civ. P. 59(e). Specifically, Searcy asks that we overturn our imposition of sanctions against her lead counsel under 28 U.S.C. § 1927. For the reasons set forth below, the motion is denied.

As an initial matter, we would like to clarify the appropriate procedural posture for the motion at issue. Searcy styled her motion as a motion to alter or amend a judgment under Rule 59(e). Fed. R. Civ. P. 59(e) permits a party to move to alter or amend a judgment no later than 28 days after the entry of such a judgment. In our September 30, 2010 opinion in this matter we granted the Defendants' motion to impose sanctions against Searcy's lead counsel under 28 U.S.C. § 1927 but have not yet determined the amount of fees to be awarded. Because we have not yet ascertained the amount of fees that Searcy's lead counsel would pay, we do not consider our imposition of sanctions against him to be a final judgment. *See John v. Barron*, 897 F.2d 1387, 1390 (7th Cir. 1990) ("an award of attorney's fees which does not fix the amount of the award . . . is not a final decision"). Because no final judgment has been entered, we will entertain Searcy's motion as a motion to reconsider. *Loctite Corp. v. Fel-Pro Inc.*, 667 F.2d 577, 583 n.5 (7th Cir. 1981).

We briefly restate the relevant facts that are discussed in more detail in our previous opinion, *Searcy v. eFunds Corp.*, 2010 U.S. Dist. LEXIS 104557, at *20-26 (N.D. Ill. Sep. 30, 2010). On September 14, 2009, Searcy filed a motion for class certification. On October 14, 2009, Defendants eFunds Corporation and Deposit Payment Protection Services, Inc. ("Defendants") submitted their response to Searcy's motion. In their response memorandum, Defendants challenged the veracity of a sworn declaration Searcy made to establish her membership in one of the proposed classes. In her sworn statement, Searcy asserted that sometime in September 2005 she presented a check at a merchant, requested a Consumer Disclosure Report from Defendants, and received a report that did not include the name of the merchant where she presented her check. Defendants argued

**ORDER**

that these statements did not square with Searcy's checking records and the available information regarding her Consumer Disclosure Report. Specifically, Defendants noted that Searcy's checking records showed that the only bank account she would have had access to in September 2005 was a Washington Mutual account opened on September 12, 2005. Though the account statement listed an opening date of September 12, no funds were deposited in the account until September 13, 2005. Additionally, a copy of Searcy's request for a Consumer Disclosure Report showed that she faxed her Consumer Report request at approximately 1:00 p.m. on September 13 but had no other information related to the check which was the subject of her declaration. Based on this evidence, Defendants contended that "[u]nless Plaintiff made her initial deposit, wrote a check, had that check declined, printed and completed her SCAN disclosure Order Form, and faxed the form to SCAN, all before 1:00 p.m. on September 13, it is difficult to conceive how she could have had a check declined in September 2005." Defs. Resp. in Opp. to Pl. Mot. for Class Cert. at 10. In addition to their concerns regarding the truthfulness of these particular statements, Defendants also challenged Searcy's credibility as a general matter in light of revelations during discovery that Searcy had repeatedly engaged in check kiting. Despite Defendants' concerns, Searcy submitted a new sworn statement as an exhibit to her reply memorandum filed on November 11, 2010. In her new declaration, Searcy averred that she acted consistently with the hypothetical set of events proposed by Defendants in their response memorandum. Based on her representations, we concluded that she could adequately represent the Check Presenter Class.

Defendants asked that we reconsider our ruling in light of additional evidence. Defendants submitted a sworn declaration from Steven Dickinson, a representative of the bank from which Searcy alleged she received starter checks. Dickinson's declaration demonstrated that Searcy's statements with regard to her receipt of starter checks were incredible. On the basis of Defendants' evidence, we concluded that Searcy suffered from serious credibility concerns and could not serve as an adequate class representative.

Defendants then moved for sanctions against Searcy's lead counsel under 28 U.S.C. § 1927 for failing to independently verify the truth of Searcy's statements made in the declaration before submitting it to the court in the midst of the class certification briefing. On September 30, 2010, we granted Defendants' motion. In our opinion, we cited three factors in support of our conclusion that Searcy's lead counsel acted extremely negligently in failing to confirm the plausibility of his client's statements: (1) Searcy's history of check kiting cast significant doubt on her credibility as a general matter; (2) the fact that Searcy's recollection tracked so closely to the hypothetical time line presented in Defendants' response memorandum should have aroused counsel's suspicions regarding the declaration's truthfulness; and (3) the importance of the declaration in establishing Searcy's membership in the Check Presenter class should have suggested the need to verify Searcy's statements before filing the declaration with the court.

Searcy now asks that we reconsider our imposition of sanctions against her lead counsel under 28 U.S.C. § 1927 because lead counsel's failure to obtain independent corroboration of Searcy's declaration did not constitute extremely negligent conduct. Specifically, Searcy contends that we should revisit of our sanctions award because, given the potential effort involved in obtaining third party corroboration of her declaration, counsel was entitled to credit his client's version of events so long as some record evidence suggested the statements were plausible. In appropriate situations, a district court has discretion to make a different determination of any interlocutory matter that has not been taken to judgment or determined on appeal. *Cameo Convalescent Ctr. v. Perry*, 800 F.2d 108, 110 (7th Cir. 1986); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). We will address Searcy's argument to determine whether she has provided a basis to reconsider our September 30, 2010 ruling.

**ORDER**

Searcy maintains that we should overturn our sanctions award because her lead counsel acted reasonably in believing his client's representations without seeking verification from third parties. Searcy identifies three relevant facts that suggested the plausibility of the events described in Searcy's November 2009 declaration: (1) her Washington Mutual account agreement reflected a "Date Opened" of September 12, 2005, and included Searcy's signature; (2) her bank records indicated that an initial deposit of $100 posted on September 13, 2005; (3) her Consumer Disclosure Report Request was sent on the date and at the time described in her declaration; and (4) counsel's own personal banking experience suggested that Washington Mutual could have provided Searcy with starter checks as she stated in her declaration. Because these facts supported the course of events described in Searcy's declaration, she argues that her lead counsel's choice not to seek independent verification cannot be described as extraordinarily negligent conduct worthy of sanction under 28 U.S.C. § 1927.

Searcy's defense of the reasonableness of her lead counsel's conduct in this case does not account for counsel's awareness of Searcy's severe credibility issues. A lawyer representing a typical client may be said to have acted reasonably in relying on his client's representations in light of the facts alluded to above, but Searcy is no ordinary client. At the time lead counsel considered whether to submit the declaration at issue, discovery had alerted him that Searcy had, on a number of occasions, deposited checks from her overdrawn accounts into active checking accounts and then made withdrawals from the active accounts that were unsupported by actual funds. Such actions not only reflect poorly on truthfulness of the person involved but could possibly subject Searcy to criminal penalties under federal law. *See* 18 U.S.C. § 1344 (describing elements of, and maximum penalties for, bank fraud). Given lead counsel's knowledge of his client's willingness to repeatedly deceive banking institutions, counsel's refusal to make any effort to corroborate his client's statements before submitting a declaration of such pivotal importance to the class certification litigation constituted extraordinary negligence.

Additionally, we note that one of the facts presented by Searcy in support of the reasonableness of her counsel's actions provided almost no corroboration of the salient events described in Searcy's declaration. Searcy relies on her Consumer File Disclosure Report as evidence that corroborated her declaration and rendered her counsel's choice to forego independent verification of her statements unnecessary. However, the request at issue did not include any account number, routing number, or other account information to substantiate Searcy's statements regarding her presentment of a check at a retailer and the subsequent decline of that check. The fact that Searcy's counsel relied on a document nearly devoid of relevant information does nothing to change our conclusion that he acted in a manner meriting sanctions under 28 U.S.C. § 1927.

This court does not utilize its authority to sanction lawyers lightly; we appreciate the effects of our ruling upon Searcy's lead counsel who has an otherwise blemish-free record in his twenty-four years as a litigator. However, in this instance, his failure to make any effort to substantiate his client's statements before submitting her declaration was extremely negligent. We believe that sanctions were appropriate under these circumstances.

For these reasons, and the reasons stated in our September 30, 2010 opinion, we affirm our ruling awarding Defendants' sanctions against Searcy's lead counsel under 28 U.S.C. § 1927.

Dated:  December 14, 2010

_____
**CHARLES P. KOCORAS**
**U.S. District Court Judge**