# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 985 | **DATE** | December 14, 2010 |
| **CASE TITLE** | Searcy vs. eFunds Corp. | | |

**DOCKET ENTRY TEXT**

We grant Defendants' motion (Doc [300]) for interlocutory appeal, and certify the question of whether an electronic list of drivers' license numbers and bank account numbers associated with individuals who have presented bad checks or had bank accounts closed adversely constitutes a "consumer repot" under 15 U.S.C. § 1681g. The CDIA's motion (Doc [319]) to file their memorandum is denied as moot.

■[ For further details see text below.]    Docketing to mail notices.

## ORDER

    This case comes before the court on the motion of Defendants eFunds Corporation and Deposit Payment Protection Services, Inc. ("Defendants") to certify our memorandum opinion of September 30, 2010 for interlocutory appeal. Also before the court is the motion of amicus Consumer Data Industry Association ("CDIA") for leave to file its memorandum in support of Defendants' motion to amend our opinion. For the reasons set forth below, Defendants' motion for interlocutory appeal is granted and CDIA's motion for leave to submit a memorandum in support of Defendants' motion is denied as moot.

    Defendants wish to appeal our order denying their motion for summary judgment. A party may obtain a interlocutory appeal of an order if it involves: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). We find that all the section 1292(b) criteria are satisfied in this case. We predicated our denial of summary judgment on our conclusion that Defendants' list of drivers' license numbers and checking account numbers associated with persons who either presented bad checks or had their bank accounts closed under adverse circumstances constituted a "consumer report" under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g. The question of whether Defendants' product falls within the definition of a statutory term may be characterized as "a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record[.]" *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000). The issue is also controlling in the sense that a resolution of the issue in the Defendants' favor would terminate an entire class of claims. *See Sokagon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Additionally, we find that substantial grounds for a difference of opinion exist regarding this issue. Specifically, as discussed in our September 30 opinion, the relevant portions of the FTC commentary and FTC administrative decisions provide support for the court's conclusion as well as its opposite. *See Searcy v. eFunds Corp.*, 2010 U.S. Dist. LEXIS 104557, at *8-17 (N.D. Ill. Sep. 30, 2010). Finally, we think immediate appeal would materially advance the litigation because a

**ORDER**

resolution in Defendants' favor would terminate the Bad Check List class claim and forestall further protracted, costly litigation. *See Ahrenholz*, 219 F.3d at 677.

    For these reasons, we grant Defendants' motion and certify the question of whether an electronic list of drivers' license numbers and bank account numbers associated with individuals who have presented bad checks or had bank accounts closed adversely constitutes a "consumer report" under 15 U.S.C. § 1681g. The CDIA's motion to file their memorandum is denied as moot.

Dated:   December 14, 2010

                                                   CHARLES P. KOCORAS
                                                   U.S. District Court Judge