UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLADYS SEARCY, individually, and | ) | |
| ELIZABETH KRECH and RUSSELL | ) | |
| HORNBECK, individually and on behalf | ) | |
| of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 08 C 985 |
| | ) | |
| eFUNDS CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Plaintiffs Gladys Searcy,

Elizabeth Krech, and Russell Hornbeck (collectively, "Plaintiffs") to exclude the use

of certain evidence by Defendants eFunds Corporation, d/b/a Deposit Payment

Protection Services, Inc. and Deposit Payment Protection Services, Inc. (collectively,

"Defendants").  Alternatively, Plaintiffs seek to extend the merits discovery deadline.

For the reasons stated below, the motion is denied in part and granted in part.

On February 15, 2008, Plaintiff Searcy filed a class action against the Defendants

for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  The Court

initially set a discovery deadline of March 19, 2009.  In March 2009, Plaintiffs

successfully sought to strike the March 19, 2009 discovery deadline.  A new discovery

deadline was not set and the parties continued with no deadline for approximately two years.  On March 22, 2011, the Court set a discovery deadline of June 22, 2011.  The Court subsequently granted Defendants' motion to extend the discovery deadline to August 22, 2011, to address supplemental disclosures made by Defendants on April 29, 2011, as well as forthcoming supplemental disclosures.

Before Defendants requested an extension of the discovery deadline, on April 29, 2011, Defendants had disclosed the identity of one additional witness, Kristopher Galvin.  After the Court extended the discovery deadline and beginning on May 26, 2011, Defendants produced documents which revealed prior events not previously disclosed, including an internal FCRA audit conducted in 2007 and a 1995-1997 investigation of SCAN (a database used by Defendants) by the Federal Trade Commission ("FTC").  Defendants also produced documents relating to a previously disclosed external audit, referred to as the RSM McGladrey audit.  Finally, Defendants identified two more witnesses, Kay Nichols and Dennis Ambach.  Defendants provided all supplemental disclosures before the close of fact discovery.

Plaintiffs now move to exclude Defendants' use of the following: (1) documents, information, and testimony regarding the internal 2007 FCRA audit conducted by Defendants; (2) recently produced documents relating to the RSM McGladrey audit; (3) documents, information, and testimony regarding the 1995-1997 FTC investigation;

and (4) testimony from Kristopher Galvin, Kay Nichols, and Dennis Ambach. Alternatively, Plaintiffs ask the Court to extend the merits discovery deadline by ninety days to address Defendants' supplemental disclosures.

Under Federal Rule of Civil Procedure 26(e)(1)(A), a party must supplement or correct disclosures or discovery responses in a timely manner if the party learns that the disclosures or responses are incomplete or incorrect and the information has not otherwise been made known to the other parties during the discovery process. If a party fails to provide information or identify a witness as required by Federal Rules of Civil Procedure 26(a) and 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

According to the plain language of Rule 26(e), the Defendants' duty to supplement arose once they learned of the additional documents and witnesses. Defendants specifically state that they did not discover any of the information in the supplemental disclosures until after the Court set a discovery deadline on March 22, 2011. Based on Defendants' representations, Defendants provided supplemental disclosures shortly after becoming aware of the existence of the documents and witnesses. Plaintiffs emphasize the fact that Defendants should have known of certain documents and witnesses much earlier and, thus, should have long ago produced the

- 3 -

documents and identified the witnesses.  The Court understands Plaintiffs' frustration and while Defendants provide no reason for not discovering the documents or witnesses sooner, Defendants' duty to supplement only arose once Defendants learned of such documents or witnesses.  *See* Fed. R. Civ. P. 26(e)(1)(A).

Moreover, Defendants provided the supplemental disclosures before the deadline for fact discovery.  Plaintiffs rely on cases in which a party provided supplemental disclosures after the close of fact discovery and usually on the eve of trial.  Plaintiffs cite no case in which a court held that supplemental disclosures were untimely where the disclosures were made before the close of fact discovery.  Accordingly, Defendants' supplemental disclosures, made before the discovery deadline and not on the eve of trial, were timely.

For the foregoing reasons, the Court denies Plaintiffs' motion to exclude Defendants' use of certain evidence.  To ensure that Plaintiffs have sufficient time to explore and rebut Defendants' supplemental disclosures and responses, the Court grants Plaintiffs' alternative motion to extend the discovery deadline and gives the parties ninety days from the date of this order to complete fact discovery related to the supplemental disclosures. Further, while Defendants disclosed the identity of additional

witnesses, Defendants must also supplement their discovery responses to the extent the

witnesses are relevant to prior discovery requests.

Charles P. Kocoras
United States District Judge

Dated:  September 16, 2011